**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| JAMESON CAMPBELL, individually and on behalf of all similarly situated persons, ) ) ) | Civil Action No. |
| Plaintiff, ) ) | |
| v. ) ) | JURY TRIAL DEMANDED |
| UNITED TOWER COMPANY, LLC, TRACY SINGLETON, and DANNY L. TILLERY ) ) ) ) | |
| Defendants. ) ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jameson Campbell ("Mr. Campbell" or "Plaintiff") brings this Collective Action Complaint, on behalf of himself and all others similarly situated, against Defendants United Tower Company, LLC ("UTC"), Tracy Singleton ("Mr. Singleton"), and Danny L. Tillery ("Mr. Tillery) (together "Defendants"), for systemic violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and related claims for non-payment of wages earned. Plaintiff's Consent to Join form is filed herewith as Exhibit A. In support of his claims, Plaintiff respectfully shows the following:

### NATURE OF COMPLAINT

1. Mr. Campbell brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. On behalf of himself and all others similarly situated, he seeks all unpaid wages, liquidated damages, interest, and reasonable attorneys' fees and costs for Defendants' failures to pay his wages and overtime premium, in violation of the FLSA, for hours worked in excess of forty hours per week.

Only on his own behalf, Mr. Campbell also seeks actual damages, interest, and reasonable attorneys' fees and costs caused by Defendants' breach of his employment contract and related violations of the common law.

## PARTIES

2. Mr. Campbell is a citizen of the United States and resident of the State of Georgia. He submits to the jurisdiction of this Court.

3. UTC is a private corporation registered to do business in the State of Georgia and has the capacity to be sued.

4. Mr. Singleton is UTC's President and has been at all relevant times relevant to this Complaint.

5. Mr. Tillery is UTC's COO and has been at all times relevant to this Complaint.

6. Defendants' business involves the building and maintenance of telecommunications towers across the southeastern United States.

7. At all relevant times, Mr. Singleton exerted control over UTC's day-to-day operations, was responsible for the supervision of Mr. Campbell's and others' work, and was responsible for, among other things, the decision not to pay Mr. Campbell and others similarly situated all wages required by the FLSA.

8. At all relevant times, Mr. Tillery exerted control over UTC's day-to-day operations, was responsible for the supervision of Mr. Campbell's and others' work, and was responsible for, among other things, the decision not to pay Mr. Campbell and others similarly situated all wages required by the FLSA.

9. At all relevant times, Defendants each, individually and jointly, directly or indirectly, acted in the interest of an employer with respect to Mr. Campbell.

10. At all relevant times, Defendants each, individually and jointly, directly or indirectly, were Mr. Campbell's employer for the purposes of the FLSA, 29 U.S.C. § 203(e).

11. At all relevant times, Mr. Campbell was an "employee" of Defendants for the purposes of the FLSA, 29 U.S.C. § 203(e). His job title was Tower Climber.

12. At all relevant times, Mr. Campell, as an employee of Defendants, was engaged in commerce or the production of good for commerce for the purposes of the FLSA, 29 U.S.C. §§ 203(s).

13. At all relevant times, UTC, owned and jointly operated by Mr. Singleton and Mr. Tillery, among others, has been, through unified operations and/or common control, engaged in the performance of activities for a common purpose—namely, the maintenance of telecommunications towers across the southeastern United States—and has therefore been an "enterprise" for the purposes of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, the UTC enterprise has been engaged in interstate commerce and/or the production of good for commerce for the purposes of the FLSA, 29 U.S.C. § 203(s).

15. Defendants' UTC enterprise has had, and continues to have, an annual gross volume of sales made or business done of $500,000 or greater.

16. UTC can be served with process by service upon its registered agent, Mr. Singleton, at UTC's principal office address, 1601 Industrial Boulevard, Madison, Georgia 30650.

17. Mr. Singleton can be served with process personally

18. Mr. Tillery can be served with process personally.

**JURISDICTION AND VENUE**

19. This Court has original, federal-question jurisdiction over this action, pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

20. This Court has supplemental subject-matter jurisdiction over Mr. Campbell's state-law claims, pursuant to 28 U.S.C. § 1367, because as set forth below, the facts on which his FLSA claims rest are also the basis of his state-law claims, which lie in contract and in quasi-contract statutory and common-law doctrines such as promissory estoppel.

21. This Court has personal jurisdiction over Defendants, and venue is proper in this Court, because UTC resides within this district and division and because the acts and omissions giving rise to Mr. Campbell's claims occurred herein.

### COLLECTIVE ACTION ALLEGATIONS

22. Mr. Campbell brings this action on behalf of himself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

23. Mr. Campbell seeks to represent the following group of similarly situated persons, pursuant to 29 U.S.C. § 216(b):

> All persons who were, or are, employed by Defendants as a Tower Climber at any time within three years prior to the filing of this Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for all time worked on call in excess of forty hours per week (the "Collective").

24. Upon information and belief, although the precise number of members of the Collective is unknown, and although Defendants have sole possession of the facts upon which the calculation of those numbers depends, the Collective comprises more than ten members, most of whom are not likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

25. Mr. Campbell will fairly and adequately protect the interests of the members of the Collective and has retained counsel who is experienced and competent in the fields of wage-and-hour law and collective-action litigation.

26. Questions of law and fact common to the members of the Collective predominate over questions that may affect only individual members because Defendants' violations of the FLSA described herein arise mostly out of official company policy and are generally applicable to all members of the Collective.

## STATEMENT OF FACTS

27. Mr. Campbell began his employment with Defendants on or about July 18, 2022, as a Tower Climber, which position he held until he resigned on January 13, 2025.

28. Throughout Mr. Campbell's employment, Defendants regularly employed three or more other Tower Climbers at a time.

29. Throughout Mr. Campbell's employment, Defendants had many Tower Climbers resign because of Defendants' wage and hour practices, among other things.

30. Upon information and belief, Defendants have employed more than twelve additional individuals in the position of Tower Climber at some point in the past three years.

31. As a Tower Climber, Mr. Campbell's job duties included, among other things, building telecommunications towers, mounting dishes and antennas on the towers, and rigging pulleys with equipment.

32. As a Tower Climber, Mr. Campbell and those similarly situated were not and are not exempt from the FLSA's maximum-hour and overtime requirements.

33. Defendants expect their Tower Climbers to work more than forty hours per week, and Defendants' Tower Climbers regularly do work more than forty hours per week.

34. In the regular course, at Defendants' instruction, and with Defendants' knowledge, Mr. Campbell and others similarly situated worked and work at least five daily shifts per week.

35. In the regular course, Mr. Campbell's shifts, and those of others similarly situated, were and are at least eight hours long.

36. In the regular course, Mr. Campbell's shifts, and those of others similarly situated, were and are often ten hours or longer each.

37. In the regular course, Mr. Campbell's workweeks for Defendants, and those of others similarly situated, were and are rarely less than forty hours long, and often longer than fifty hours per week.

38. For example, in the workweek beginning November 4, 2024, Mr. Campbell worked shifts of ten, twelve, eleven, nine, and eight hours, for a total of approximately fifty hours. In the workweek beginning November 11, 2024, Mr. Campbell worked shifts of ten and one-half, eleven, fourteen, nine, and twelve hours, for a total of approximately fifty-six and one-half hours.

39. Defendants did not compensate Mr. Campbell for all the time he worked in the workweeks beginning November 4 and November 11, 2024, in the examples above and specifically failed to pay him at the overtime rate mandated by the FLSA for such workweeks.

40. In the regular course, Defendants pay their Tower Climbers a flat annual salary, without regard to the number of hours any Tower Climber works in a given day or week. Defendants have not and do not pay their Tower Climbers one-and-one-half their regular rate of pay for time worked in excess of 40 hours per workweek.

41. On some occasions, Defendants do pay their Tower Climbers what Defendants refer to as "overtime."

42. When Defendants pay a Tower Climber "overtime," they do so according to the Tower Climber's daily equivalent of their regular salary rate, not as a function of the number of hours their Tower Climber worked in excess of forty hours that week.

43. For example, if one of Defendants' Tower Climbers works a shift on a Saturday, the additional compensation he receives is equal to one fifth of what he is paid for a regular Monday-Friday week, without regard to the number of hours he worked that Saturday or during the week as a whole.

44. On information and belief, Defendants' unlawful conduct described herein is pursuant to policies and practices of minimizing labor costs by violating the FLSA.

45. On information and belief, Defendants have not made a good-faith effort to comply with the FLSA, or to investigate UTC's compliance with the FLSA, with regard to Mr. Campbell's compensation and the compensation of all those similarly situated.

46. Defendants' actions regarding compensation for Mr. Campbell and other members of the Collective were and are willful and not in good faith.

47. Defendants' FLSA violations were and are willful and not in good faith.

### CAUSES OF ACTION

### Count I – Individual Claim against all Defendants for Willful Failure to Pay Overtime in Violation of the FLSA

48. Defendants individually, jointly, and severally failed to pay Mr. Campbell overtime wages at the rate required by the FLSA for all time he worked in excess of forty hours per week, in violation of the FLSA.

49. "[N]o employer shall employ any of [its] employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a).

50. Defendants are employers covered under the FLSA and employed Mr. Campbell.

51. Mr. Campbell regularly worked for Defendants in excess of forty hours per week, as set forth in more detail above.

52. Defendants did not pay Mr. Campbell for all the hours he worked in excess of forty hours per week at the overtime rate mandated by the FLSA, as set forth in more detail above.

53. None of the exemptions provided by the FLSA regarding an employer's obligation to pay employees overtime apply to Mr. Campbell's employment with Defendants.

54. Defendants' violations of the FLSA were willful and not in good faith.

55. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Mr. Campbell.

56. Defendants are therefore liable to Mr. Campbell for all unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

### Count II – Collective Claim against all Defendants for Willful Failure to Pay Overtime in Violation of the FLSA

57. Mr. Campbell seeks to represent the following group of similarly situated persons, pursuant to 29 U.S.C. § 216(b):

> All persons who were, or are, employed by Defendants as Tower Climbers at any time within three years prior to the filing of this Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for all time worked on call in excess of forty hours per week (the "Collective").

58. Defendants individually, jointly, and severally failed and fail to pay Mr. Campbell and the members of the Collective overtime wages for all time they worked and work in excess of forty hours per week, in violation of the FLSA

59. Defendants are employers covered under the FLSA and employed and employ Mr. Campbell and the members of the Collective.

60. Mr. Campbell and the members of the Collective regularly worked and work for Defendants in excess of forty hours per week, as set forth in more detail above.

61. Defendants did not and do not pay Mr. Campbell and members of the Collective for all hours worked in excess of forty hours per week at the overtime rate mandated by the FLSA, as set forth in more detail above.

62. None of the exemptions provided by the FLSA regarding an employer's obligation to pay employees overtime apply to Mr. Campbell's employment with Defendants or that of the members of the Collective.

63. Defendants' violations of the FLSA as set forth in part herein were willful and not in good faith.

64. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Mr. Campbell or the members of the Collective.

65. Defendants are therefore liable to Mr. Campbell and the members of the Collective for all unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

### Count III – Individual Claim against UTC for Breach of Contract

66. UTC agreed to pay Mr. Campbell for services rendered, including overtime, forming an employment contract with Mr. Campbell.

67. This employment contract imposed on UTC a duty of good faith and fair dealing.

68. At all relevant times, Mr. Campbell fully performed his obligations under this contract, including working all hours UTC required.

69. Mr. Campbell accepted his employment with UTC and performed valuable services for UTC in reliance on UTC's promise of compensation for his labor.

70. In breach of this employment contract, UTC failed to pay Mr. Campbell for all the work he performed for UTC's benefit and at UTC's instruction.

71. UTC is therefore liable to Mr. Campbell for breach of contract for the full amount of the wages due to him, interest, and attorneys' fees and costs.

### Count IV (Pled in the Alternative) – <u>Individual Claim against UTC for *Quantum Meruit*</u>

72. In the alternative, UTC is liable to Mr. Campbell in *quantum meruit* for the full amount of compensation owed to him, interest, and attorneys' fees and costs.

73. In reliance on representations made by UTC regarding compensation, including the promise of overtime, Mr. Campbell accepted his position with UTC and performed valuable services for UTC.

74. The services Mr. Campbell performed for UTC were done at the request of UTC, which knowingly accepted such services.

75. UTC's acceptance of Mr. Campbell's services without payment to him of the promised compensation would be unjust.

76. At the time Mr. Campbell provided valuable services to UTC, he expected to be paid all compensation promised, including all overtime as required by law.

77. At the time Mr. Campbell performed services for UTC, UTC knew that Mr. Campbell expected UTC to pay him all compensation promised.

78. UTC is therefore liable to Mr. Campbell in *quantum meruit* for the full value of the uncompensated services he performed, interest, and attorneys' fees and costs.

**Count V (Pled in the Alternative) –
Individual Claim against UTC for Promissory Estoppel**

79. In the alternative, UTC is liable to Mr. Campbell for promissory estoppel, pursuant to O.C.G.A. § 13-3-44, for the full amount of the overtime work he performed without compensation.

80. UTC promised Mr. Campbell that UTC would compensate him for services that he provided by paying him the agreed-upon compensation, including overtime.

81. UTC should have reasonably expected Mr. Campbell to rely on its promises to pay him for all overtime worked.

82. In reliance on UTC's representations that it would pay Mr. Campbell all promised compensation, Mr. Campbell accepted his position with UTC and performed valuable services for UTC.

83. Mr. Campbell relied on UTC's promises to his detriment by performing valuable services to UTC instead of pursuing other opportunities.

84. Injustice can only be avoided by enforcing UTC's promise to pay Mr. Campbell the full amount of compensation owed and promised to him.

85. UTC is therefore liable to Mr. Campbell for promissory estoppel pursuant to O.C.G.A. § 13-3-44 for the full amount of wages due to him, interest, and attorneys' fees and costs.

**Count VI (Pled in the Alternative) –
Individual Claim against UTC for Unjust Enrichment**

86. In the alternative, UTC is liable to Mr. Campbell for unjust enrichment for the full amount of the wages owed to him, interest, and attorneys' fees and costs.

87. UTC promised Mr. Campbell that UTC would compensate him for valuable services that he provided by paying him compensation promised to him, including overtime.

88. UTC requested that Mr. Campbell perform valuable services for its benefit, and knowingly accepted such services, with the full knowledge that Mr. Campbell performed such valuable services because of UTC's promises to pay him the full compensation agreed upon, including overtime.

89. In reliance on the representations by UTC that he would be paid the full compensation promised, including overtime, Mr. Campbell provided valuable services for UTC and thereby conferred a benefit to UTC.

90. Injustice can only be avoided by enforcing UTC's promise to pay Mr. Campbell the full compensation owed to him, including overtime.

91. UTC is therefore liable to Mr. Campbell for unjust enrichment for the full value of the services he performed for UTC, interest, and attorneys' fees and costs.

### Count VII – Expenses of Litigation (O.C.G.A. § 13-6-11)

92. Defendants have acted in bad faith, including but not limited to their breach of the employment contract.

93. Defendants' actions described herein have caused Mr. Campbell unnecessary trouble and expense.

94. Pursuant to O.C.G.A. § 13-6-11, Defendants are therefore liable to Mr. Campbell for the expenses of this litigation, including reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays, on behalf of himself and the Collective:

(A)  for a trial by jury;

(B)  for designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons in the Collective as

defined herein, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations on their claims;

(C) for a declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA;

(D) for an award of unpaid overtime wages due under the FLSA to Plaintiff and the Collective;

(E) for an award of liquidated damages for Defendants' failure to pay overtime wages to Plaintiff and the Collective;

(F) for all unpaid wages and other compensation due to Plaintiff;

(G) for an award of prejudgment and post-judgment interest;

(H) for an award of costs and expenses of this action, including reasonable attorneys' fees, expert fees, and costs; and

(I) for any further and additional legal and equitable relief as the Court deems just and proper.

Respectfully submitted this February 7, 2025.

/s/Jake Knanishu
Jake Knanishu
Georgia Bar No. 597103
Justin Scott
Georgia Bar No. 557463
Radford Scott LLP
125 Clairemont Ave., Suite 380
Decatur, Georgia 30030
T: (404) 400-3600
jscott@radfordscott.com
jknanishu@radfordscott.com

*Counsel for Plaintiff*